UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LEMUEL R. BELL,<br><br>                    Petitioner,<br><br>vs.<br><br>MICHAEL MATTSON,<br><br>                    Respondent. | 4:24-CV-04187-CBK<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER DENYING A CERTIFICATE OF APPEALABILITY |

    Petitioner, currently detained at the Minnehaha County Jail in Sioux Falls, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also filed a prisoner trust account report. He did not file an application to proceed without the prepayment of fees and an affidavit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Petitioner has, however, made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, his trust account form will be construed as an application to proceed in forma pauperis which will be granted.

    I have conducted an initial consideration of the petition, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

    This is the second § 2254 petition filed by petitioner and assigned to this Court. In a prior case, 4:24-cv-04162-CBK, petitioner sought to challenge the two-year suspended sentence and three year probation sentence imposed in South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County case # 49CRI21-006964. That petition was dismissed for failure to exhaust state court habeas remedies.

    I take judicial notice of the records of the South Dakota Circuit Courts available on the Unified Judicial System's ecourts portal, https://ecourts.sd.gov/.

    In this case, petitioner is challenging his May 18, 2022, conviction in 49CRI21-007658, for possession of methamphetamine. He was sentenced to three years imprisonment, suspended, and three years probation. The suspended prison sentence was

ordered to be served consecutive to his two-year suspended sentence imposed that same day in case # 49CRI21-006964. He was also ordered to serve three years probation on the latter case, to be served concurrently with the probationary sentence in this case.

On July 25, 2022, September 20, 2022, and December 22, 2023, petitioner was charged with probation violations in both 49CRI21-006964 and 49CRI21-007658. His suspended sentence in 49CRI21-006964 was revoked on February 29, 2024, and he was remanded to the custody of the South Dakota Department of Corrections. On that same date, his suspended sentence in 49CRI21-007658 (the case he is challenging in this habeas case) was ordered to remain suspended but he was remanded to the supervision by Parole rather than Court Services.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1 to challenge his conviction and sentence, including the revocation of that sentence.

There is no record that petitioner has ever filed for state court habeas relief to challenge the initial conviction and sentence in 49CRI21-007658. Petitioner has not exhausted his state court habeas remedies. Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

In any event, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner states in his petition that he did not appeal his conviction and sentence and thus his judgment became final in May of 2022. Petitioner has not alleged any claim that §§ 2244(d)(1)(B), (C) or (D) apply in this case.

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the $5.00 filing fee is granted.

2. The petition for a writ of habeas corpus is denied as untimely.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2254 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 10th day of January, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge